UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERPRISE BANK & TRUST, | No. C-14-80223 MISC EMC |
|     Plaintiff and Judgment Creditor, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER CHARGING THE LIMITED PARTNERSHIP INTEREST IN BERENDA FARMS, L.P. AND/OR BERENDA PISTACHIO FARMS, L.P. OWNED BY JUDGMENT DEBTOR RICHARD L. WINDERS** |
| RICHARD L. WINDERS, | |
|     Defendant and Judgment Debtor. | |
| _____/ | |
| | **(Docket Nos. 7, 10)** |

       On October 9, 2014, at 1:30 p.m., in Courtroom 5 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, the motion ("Motion") of Plaintiff and Judgment Creditor Enterprise Bank & Trust ("Enterprise Bank"), seeking an order charging the partnership interest of defendant and judgment debtor Richard L. Winders ("Winders") in Berenda Farms, L.P. ("Berenda Farms") and/or Berenda Pistachio Farms, L.P. ("Berenda Pistachio Farms"), came on for a regularly noticed hearing, with United States District Judge Edward M. Chen presiding. Kaveh Badiei appeared on behalf of Enterprise Bank.

       Enterprise Bank made its Motion under sections 708.310 and 708.320 of the California Code of Civil Procedure, section 15907.03 of the California Corporations Code, and all applicable law. "A charging order constitutes a lien on the judgment debtor's transferable interest in the partnership." Cal. Corp. C. § 16504 (b). In other words, a charging order gives the judgment creditor a right to receive partnership distributions to which the judgment debtor would otherwise be

entitled. *See* Cal. Corp. Code § 15907.02(b).  Enterprise Bank made its Motion on the grounds that a money judgment in the amount of not less than $2,047,213.51[1] (the "Judgment") has been entered against Winders and in favor of Enterprise Bank in the United States District Court for the District of Kansas, Case No. 2:13-cv-02549-RDR-KGS, and has been registered in the above-captioned case in the United States District Court for the Northern District of California, Case No. 3:14-mc-80223-EMC; enforcement of the Judgment is not stayed or subject to appeal; the Judgment remains unsatisfied; and Winders appears to own partnership interests in Berenda Farms and/or Berenda Pistachio Farms against which Enterprise Bank may properly enforce the Judgment.[2]

The Court having considered Enterprise Bank's moving papers and the arguments of counsel appearing at the hearing; no opposition having been filed by Winders, Berenda Farms, or Berenda Pistachio Farms; notice and service of Enterprise Bank's motion being proper; the relief requested by Enterprise Bank being proper under Rule 69(a) of the Federal Rules of Civil Procedure, sections 708.310 and 708.320 of the California Code of Civil Procedure, and section 15907.03 of the California Corporations Code; and good cause appearing therefor:

IT IS HEREBY ORDERED THAT:

(1)   Enterprise Bank's Motion is **GRANTED**; and

(2)   Winders's transferable partnership interest, if any, in Berenda Farms and Berenda Pistachio Farms hereby is charged with the unpaid amount of Enterprise Bank's Judgment against Winders in the sum of $2,047,213.51 plus post-judgment interest at the rate of 8.00% (in the amount

---

[1] Judgment was entered in favor of Enterprise Bank and against Winders in the amount of $2,029,431.13, plus additional pre-judgment interest at the rate of 8.00% in the amount of $423.39 per diem from April 29, 2014 through the date of entry of Judgment (June 9, 2014) for an additional $17,782.38.  In addition, post-judgment interest has accrued on the unpaid Judgment at the rate of 8.00% in the amount of $448.70 per diem from June 9, 2014 to the present date, and post-judgment interest will continue to accrue at the rate of 8.00% in the amount of $448.70 per diem along with attorneys' fees until the Judgment is paid in full.

[2] The Court hereby grants Enterprise Bank's request for judicial notice of the Stipulated Judgment and Clerk's Certification.  *See* Docket No. 10, Exs. 1, 2.  The Stipulated Judgment and Clerk's Certification are noticeable as proceedings in a federal court that directly relate to the matters at issue.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (noticing state court judgment).  More generally, the specific documents requested to be noticed are court records, the authenticity of which "can be accurately and readily determined from sources whose cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Furthermore, the request for judicial notice is unopposed.

of $448.70 per diem) from June 9, 2014 until such time as the amount remaining due on Enterprise Bank's Judgment, including all accrued interest and attorneys' fees as provided for in the Judgment, through the date of payment, is paid in full.

(3) Berenda Farms and Berenda Pistachio Farms shall pay and turn over directly to Enterprise Bank any and all payments, dividends, income, money, and property due or to become due to Winders until such time as the amount remaining due on Enterprise Bank's Judgment, including all accrued interest and attorneys' fees as provided for in the Judgment, through the date of payment, is paid in full.

Plaintiff shall serve this Order on all affected parties and shall file a proof of service with the Court within seven (7) days of the date of this order.

This order disposes of Docket Nos. 7 and 10.

IT IS SO ORDERED.

Dated: October 15, 2014

_____
EDWARD M. CHEN
United States District Judge